# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARTHA SCHLEUDER,              ) | |
|                                ) | |
|            **Plaintiff,**      ) | |
|                                ) | CIVIL ACTION |
| v.                             ) | |
|                                ) | No. 09-2370-JWL |
| MICHAEL J. ASTRUE,             ) | |
| **Commissioner of Social Security,** ) | |
|                                ) | |
|            **Defendant.**      ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

**I.     Background**

Plaintiff applied for DIB and SSI on July 24, 2006, alleging disability beginning April 7, 2005.  (R. 105-15).  After proceedings before the Social Security Administration (SSA), Plaintiff filed a complaint seeking judicial review of the Commissioner's decision issued March 2, 2009.  (Doc. 1).  Before filing an answer, the Commissioner filed an

unopposed motion for remand pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. 11). The court granted the Commissioner's unopposed motion, and the case was remanded for further development of the record, and for a new hearing. (Doc. 13). On remand, further proceedings were conducted, additional evidence was secured, and a hearing at which Plaintiff was represented by counsel was held before a different administrative law judge (ALJ), Michael D. Mance. (R. 282-561). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 273, 282-304).

ALJ Mance issued a new decision on March 18, 2011, finding that Plaintiff has severe impairments which do not meet or medically equal the severity of a Listed Impairment. (R. 273-77). He found that Plaintiff has the residual functional capacity (RFC) for a range of light work limited by certain postural and environmental restrictions, and that she is mentally restricted to unskilled work. (R. 277-79). He found that Plaintiff does not have any past relevant work, but concluded that considering her age, education, work experience, and RFC there are jobs that exist in significant numbers in the economy that Plaintiff can perform. (R. 279-80). Consequently, he determined that Plaintiff is not disabled within the meaning of the Act, and denied her applications. (R. 280-810).

In accordance with sentence six of 42 U.S.C. § 405(g), the Commissioner filed the new decision and the administrative record of the proceedings before the Commissioner with the court in this case. (Doc. 17). In accordance with the local rules, Plaintiff filed an Amended Complaint which the Commissioner answered, and each party filed their Social Security Brief. (Docs. 19, 20, 25, 28). The case is now ripe for judicial review.

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court reviews only the sufficiency of the evidence to support the Commissioner's decision, not the weight of the evidence. Oldham v. Astrue, 509 F.3d 1254, 1257 (10th Cir. 2007). It may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nevertheless, whether substantial evidence supports

the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920 (2008); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff makes but one allegation of error--that the ALJ did not apply the correct legal standard to assess RFC because the RFC assessed is not based on medical evidence. (Pl. Br. 14-20). Specifically, she argues that the ALJ erroneously relied upon and accorded significant weight to a "Physical Residual Functional Capacity Assessment" prepared by a Single Decision Maker (SDM), who is not an acceptable medical source, and whose opinion is entitled to no weight as a "medical opinion." Therefore, she argues, there is no medical evidence regarding Plaintiff's functional abilities, the RFC assessed is

merely the ALJ's unsupported lay opinion, and the decision must be reversed as a matter of law because the RFC assessed is not supported by substantial record evidence.

The Commissioner acknowledges that the Physical RFC Assessment cited by the ALJ was completed by an SDM, and asserts that the SSA "does not consider SDM-completed forms to be opinion evidence at appeals levels." (Comm'r Br. 9) (citing POMS DI 24510.050.C.V.). Nonetheless, he argues that it was harmless error for the ALJ to rely upon the SDM's assessment because an acceptable medical source reviewed the record and affirmed the SDM's assessment. Id. He argues that the ALJ's RFC assessment is supported by the medical opinions of Dr. Legler, Dr. Quick, and Dr. Barnett. Plaintiff did not file a reply brief responsive to the Commissioner's argument.

The court agrees with the Commissioner that the ALJ's error in relying on the SDM's RFC assessment was harmless because an acceptable medical source, Dr. Legler, reviewed "all the evidence in [the] file," and affirmed the SDM's RFC assessment. (R. 233). The court finds that the ALJ's RFC assessment is properly supported by the medical opinions of Dr. Legler, Dr. Quick, and Dr. Barnett, and for at least that reason, the RFC assessment is not, as alleged by Plaintiff, "merely the ALJ's unsupported opinion as to the plaintiff's residual functional capacity." (Pl. Br. 20); see also, (R. 275-76) (according significant weight to the opinion of Dr. Quick); (R. 279) (citing opinions of Dr. Quick and Dr. Barnett in support of the RFC assessment); (R. 233) ("Case Analysis" signed by Dr. Legler).

**III.    RFC Assessment**

The Commissioner has promulgated regulations regarding assessment of RFC.  20 C.F.R. §§ 404.1545-1546, 416.945-946.  RFC is an assessment of the most a claimant can do despite her limitations.  20 C.F.R. §§ 404.1545(a), 416.945(a).  In assessing RFC, the Commissioner is to consider a claimant's abilities to meet the demands of work despite her impairment(s).  Id. at §§ 404.1545, 416.945.  The assessment is to be based upon all relevant medical and other evidence in the record and is to include consideration of the limitations caused by all of the claimant's impairments, including impairments which are not "severe" as defined in the regulations.  Id. at §§ 404.1545(a & e), 416.945(a & e).

The Commissioner issued Social Security Ruling (SSR) 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits."  West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2011).  The Ruling includes narrative discussion requirements.  Id. at 149.  The discussion is to cite specific medical facts and nonmedical evidence to describe how the evidence supports each conclusion, discuss how the claimant is able to perform sustained work activities, and describe the maximum amount of each work activity she can perform.  Id.  The discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved.  Id.  If the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion.  Id. at 150.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of

[claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). The Commissioner will also use evidence from "other medical sources" not on the list of "acceptable medical sources," such as nurse-practitioners, physician's assistants, naturopaths, chiropractors, audiologists, and therapists, to show the severity of a claimant's impairments and how they affect her ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d). All medical source opinions must not be ignored, and will be evaluated by the Commissioner in accordance with factors contained in the regulations. Id., §§ 404.1527(d), 416.927(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2011); SSR 06-03p, West's Soc. Sec. Reporting Serv., Rulings 329-30 (Supp. 2011).

In his RFC assessment, the ALJ gave "significant weight" to "the opinions of the State agency medical consultant's opinion." (R. 279) (citing Ex. 9F (R. 221-28)). The record contains two medical opinions provided by state agency medical consultants (R. 233) (Dr. Legler's "Case Analysis"); (R. 542-55) ("Psychiatric Review Technique" form completed by Dr. Adams); but at this point in his decision the ALJ cited to Exhibit 9F, the Physical RFC Assessment produced by the SDM, Ms. Badger, and did not cite to either Dr. Legler's or Dr. Adams's opinion.

As Plaintiff argues, an SDM opinion is not a medical opinion and is worthy of no weight in an ALJ's RFC assessment. E.g., Ky v. Astrue, No. 08-cv-00362-REB, 2009 WL 68760 at *3 (D. Colo. Jan. 8, 2009) ("An SDM is not a medical professional of any stripe, and the opinion of an SDM therefore is entitled to no weight."); Stanley v. Astrue,

8

No. 09-20485-CIV, 2009 WL 3060394 (S.D. Fla. Sept. 24, 2009) (remanding with directions not to rely upon determination by SDM); Smith v. Astrue, No. 3:07-cv-1165-J-TEM, 2009 WL 890391 at *11 (M.D. Fla. March 31, 2009) (ALJ improperly classified SDM as a physician); Burnham v. Astrue, No. 06-124-P-H, 2007 WL 951386 at *2 (D. Me. March 27, 2007) (ALJ wrongly accorded weight to opinion of SDM).  This and other courts in this District have reached the same conclusion.  E.g., Thongleuth v. Astrue, No. 10-1101-JWL, 2011 WL 1303374, *11 (D. Kan. Apr. 4, 2011); Greenfield v. Astrue, No. 09-1173-WEB, 2010 WL 2132057, *4, n.5 (D. Kan. Apr. 26, 2010) (Report & Recommendation, adopted May 27, 2010, 2010 WL 2132061); Cowan v. Astrue, No. 09-1154-WEB, 2010 WL 2131915, *6 (D. Kan. Apr. 9, 2010) (Report & Recommendation, adopted May 27, 2010, 2010 WL 2132028); Kempel v. Astrue, No. 08-4130-JAR, 2010 WL 58910, *7 (D. Kan. Jan. 4, 2010); Houghtaling v. Astrue, No. 08-2656-KHV-GBC, slip op. at 2, 3, (D. Kan. Nov. 10, 2009).  Therefore, the ALJ's reliance upon, and decision to accord significant weight to the SDM's Physical RFC Assessment is error.

However, as the Commissioner points out, Dr. Legler "reviewed all of the evidence in file," and affirmed the SDM's RFC assessment dated October 3, 2006 "as written."  (R. 233).  Dr. Legler is a medical doctor and as such is an acceptable medical source as defined in the regulations.  His opinion is a "medical opinion" as defined in the regulations, and by affirming the SDM's Physical RFC Assessment "as written," he adopted the assessment as his own.  Therefore, that assessment is a "medical opinion," and might properly be accorded significant weight by the ALJ.  Beyond the assertion that

9

the assessment is not a medical opinion but is the opinion of an SDM, Plaintiff makes no argument why the assessment is unworthy of significant weight. Plaintiff did not even respond to the Commissioner's argument regarding harmless error.

On facts similar to those present here, this court held over a year ago that when the opinion of an SDM was "affirmed as written" by an acceptable medical source, it became a "medical opinion" within the meaning of the Act and the regulations, and was properly considered and weighed accordingly. Thongleuth, 2011 WL 1303374 at *11; see also, Kempel, 2010 WL 58910, at *8 (recognizing that where the SDM opinion was affirmed by a physician, any error in relying on the SDM opinion was harmless): Zebulske v. Barnhart, No. 04-49-B-W, 2004 WL 2378854, *2 n.2 (D. Me. Oct. 25, 2004) (same). The Physical RFC Assessment of the SDM, as affirmed by Dr. Legler is a medical opinion to which the ALJ accorded "significant weight," and Plaintiff provides no argument that Dr. Legler's opinion is not worthy of such weight. As such, Dr. Legler's opinion provides substantial evidentiary support for the ALJ's RFC assessment.

Moreover, as the Commissioner suggests, the ALJ also relied upon the medical opinions of Dr. Quick and Dr. Barnett in assessing Plaintiff's RFC. (Comm'r Br. 9-10). A state agency psychologist reviewed the record evidence and completed a Psychiatric Review Technique form in which he found that Plaintiff's mental impairments were not severe. (R. 542-55) (Ex. 27F). The ALJ acknowledged the state agency psychologist's opinion, but accorded it little weight because the state agency psychologist did not adequately consider the combined effects of Plaintiff's impairments, including the

combination of pain and mental health issues. (R. 279). In discounting the state agency psychologist's opinion, the ALJ noted that Plaintiff had received mental health treatment from a Licensed Specialist Clinical Social Worker (LSCSW). Id. He noted that although the treatment was of limited duration, the social worker had diagnosed depression, and Dr. Barnett, who provided a consultative mental examination of Plaintiff, concurred with the social worker's diagnosis. Id. The ALJ explained, "This diagnosis, together with her physical impairments, could reasonably be expected to [a]ffect the claimant's ability to maintain concentration, persistence, and pace in the workplace." Id. He concluded, "Therefore, I find that the claimant is limited to unskilled work." Id. As the summary above reveals, the ALJ found support for the mental component of his RFC assessment in the opinions of Dr. Barnett and of Plaintiff's social worker. Plaintiff does not claim error in the ALJ's evaluation of or reliance on these opinions.

     Finally, in his step two analysis, the ALJ noted that he accorded "significant weight" to Dr. Quick's opinion "that there is no musculoskeletal or neurological reason that the claimant could not be engaged in functional employment." (R. 276) (citing Ex. 8F, p.2 (R. 220)). Later, in making his RFC analysis, the ALJ once again noted Dr. Quick's examination, and that he had accorded "significant weight" to her opinion as discussed above. (R. 279). As with Dr. Barnett and Plaintiff's social worker, the ALJ's RFC assessment finds support in Dr. Quick's opinion, and Plaintiff does not claim error in the ALJ's evaluation of or reliance upon that opinion.

As Plaintiff argues, it was error for the ALJ to rely upon the opinion of an SDM, but as explained above that error was harmless because the opinion upon which the ALJ relied was "affirmed as written" and thereby adopted by Dr. Legler, an acceptable medical source.  Moreover, Plaintiff's argument that the RFC assessed by the ALJ is erroneous because it is not based upon medical evidence fails because, as discussed above, it is in fact based upon and supported by the medical source opinions of Dr. Legler, Dr. Barnett, Dr. Quick, and Plaintiff's social worker.  The court finds no error as alleged in Plaintiff's brief.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 16th day of May 2012, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**